SEAN P. REIS (No. 184044)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124

RYAN D. ANDREWS (Admitted *Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ROBLES and ABEL FIGUEROA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LUCKY BRAND DUNGAREES, INC., a Delaware corporation, KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a Delaware limited liability company<br><br>Defendants. | Case No. 10-cv-04846 JF (HRL)<br><br>**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Violation of 47 U.S.C. § 227 *et seq.*<br><br>**Demand for Jury Trial**<br><br>The Honorable Jeremy Fogel |

Plaintiffs Juvenal Robles and Abel Figueroa bring this amended class action complaint against Defendants Lucky Brand Dungarees, Inc. ("Lucky Brand") and Kirschenbaum Bond Senecal & Partners LLC f/k/a Kirschenbaum Bond & Partners LLC and Kirshenbaum Bond & Partners West LLC (collectively, "Kirshenbaum") to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiffs, for their class action complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## NATURE OF THE CASE

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, *Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens*, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In an effort to promote the sale of the "Lucky Jeans" line of consumer apparel, Lucky Brand, a subsidiary of one of the nation's largest fashion companies, engaged Kirschenbaum d/b/a Lime Public Relations + Promotion, an international advertising agency, to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiffs seek an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Robles is domiciled in Illinois.

7. Plaintiff Figueroa is domiciled in Illinois.

8. Defendant Lucky Brand is a Delaware corporation with its principal place of business in California. A global retailer of apparel products, Defendant does business throughout the United States, including this district.

9. Defendant Kirschenbaum Bond Senecal & Partners LLC f/k/a Kirschenbaum Bond & Partners LLC is a Delaware limited liability company with its principal place of business in New York. A subsidiary of MDC Partners, Inc., Defendant is an international advertising agency that provides marketing services to its clients throughout the United States, including this district.

10. Defendant Kirschenbaum Bond & Partners West LLC is a Delaware limited liability company with its principal place of business in California. A subsidiary of MDC Partners, Inc., Defendant is an international advertising agency that provides marketing services to its clients throughout the United States, including this district. On information and belief, the Kirschenbaum defendants have done business during all times relevant to this amended complaint as Lime Public Relations + Promotion.

## JURISDICTION & VENUE

11. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

12. This Court has personal jurisdiction over the Defendants under Cal. Code Civ. Proc. § 410.10 because certain of the acts alleged herein were committed in California (and, specifically, the Northern District of California).

13. Venue is proper in this district under 28 U.S.C. § 1391(a) as Defendants reside in this district and because a substantial part of the events giving rise to the claim occurred in this district as the text message calls at issue were transmitted nationwide from property located in this district.

**INTRADISTRICT ASSIGNMENT**

14. The conduct giving rise to the claim in this matter originated in the County of Santa Clara. Under Local Rule 3-2(c), this civil action should be assigned to the San Jose division of the Northern District of California.

**COMMON ALLEGATIONS OF FACT**

15. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

16. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

17. A "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When a SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

18. Unlike more conventional advertisements, wireless spam can actually cost its recipients money, because cell phone users must frequently pay their respective wireless service

1  providers either for each text message call they receive or incur a usage allocation deduction to
2  their text plan, regardless of whether or not the message is authorized.

3    19. Over the course of an extended period beginning in 2008 as part of a "Back to
4  School" media campaign, Defendants and their agents directed the mass transmission of wireless
5  spam to the cell phones nationwide of what they hoped were potential customers of Defendant
6  Lucky Brand's "Lucky Jeans" line of consumer apparel.

7    20. For instance, on or about August 29, 2008, Plaintiff Robles' cell phone rang,
8  indicating that a text call was being received.

9    21. The "from" field of such transmission was identified cryptically as "88202," which
10 is an abbreviated telephone number known as an SMS short code licensed and operated by
11 Defendants' agents. The body of such text message read:

> LUCKY JEANS MOBILE INVITE. FREE ALERTS.
> STD CARRIER RATES MAY APPLY. FOR HELP GET
> $25 OFF NOW. TO REMOVE YOURSELF REPLY
> STOP. TO OPT-IN REPLY WITH LUCKYJ.

15   22. Defendants did not limit their mass transmission of wireless spam to the above text
16 message. Indeed, Defendants and their agents used other nearly identical varieties of wireless spam
17 to promote Defendant Lucky Brand's products as part of the Back to School campaign.

18   23. For instance, on or about August 29, 2008, Plaintiff Figueroa's cell phone rang,
19 indicating that a text call was being received.

20   24. The "from" field of such transmission was also identified as "88202," the same
21 SMS short code licensed and operated by Defendants' agents. The body of such text message
22 read:

> GET $25 OFF AT LUCKY BRAND JEANS NOW.
> JUST REPLY LUCKYJ OR STOP TO OPT
> OUT STD RATES APPLY. FOR HELP
> LUCKYBRANDJEANS.COM

26   25. Defendants' and their agents' use of an SMS short code enabled Defendants' *en*
27 *masse* transmission of wireless spam to a list of cellular telephone numbers.

28   26. At no time did Plaintiffs consent to the receipt of the above-referenced messages or

any other such wireless spam text messages from Defendants or anyone acting on their behalf.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class (the "Class") defined as follows: all persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Lucky Brand.

28. Upon information and belief, there are over 10,000 members of the Class such that joinder of all members is impracticable.

29. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

30. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

31. Defendants have acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

32. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiffs and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

33. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    (a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

    (b) Are Class members entitled to treble damages based on the willfulness of Defendants' conduct?

    (c) Were the messages transmitted with an "automatic telephone dialing system" as defined by the 47 U.S.C. § 227?

    (d) Did the conduct described above violate the Class's right to privacy?

**FIRST CAUSE OF ACTION**
**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

34. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

35. Defendants made unsolicited commercial text message calls, including the foregoing messages quoted above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers.

36. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such wireless spam.

37. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the class suffered actual damages by having to pay their respective wireless carriers for their receipt of such text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

38. Because Defendants had knowledge that Plaintiffs and the Class did not consent to the receipt of the aforementioned wireless spam transmitted by Defendants' or their agents, the

1  Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages
2  recoverable by the Plaintiffs and the other members of the Class.
3      WHEREFORE, Plaintiffs Juvenal Robles and Abel Figueroa, on behalf of themselves and
4  the Class, pray for the following relief:
5      a. An order certifying the Class as defined above;
6      b. An award of the greater of actual or statutory damages;
7      c. An injunction requiring Defendants to cease all wireless spam activities;
8      d. An award of reasonable attorneys' fees and costs; and
9      e. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs request trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: July 25, 2011

By: /s/ Ryan D. Andrews
Ryan D. Andrews
EDELSON MCGUIRE LLC
Attorneys for JUVENAL ROBLES and ABEL FIGUEROA, individually and on behalf of a class of similarly situated individuals

Ryan D. Andrews (*Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-5378

**Certificate of Service**

I certify that I filed this matter with the Clerk of the Court using the CM/ECF system, which will email notification of filing to all counsel of record.

Dated: July 25, 2011

By: /s/ Ryan D. Andrews
Ryan D. Andrews

**AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
9