SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RYAN D. ANDREWS (*Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ROBLES and ABEL FIGUEROA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LUCKY BRAND DUNGAREES, INC., a Delaware corporation, KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 10-cv-04846 MMC<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING LITIGATION PENDING CLASS ACTION SETTLEMENT; DIRECTIONS TO PARTIES**<br><br>The Honorable Maxine M. Chesney |

1  KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM
2  BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public
3  Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a
4  Delaware limited liability company,
5          Third-Party Plaintiffs.
6
7    v.
8  MERKLE INC., a Maryland Corporation,
9
10         Third-Party Defendant and Fourth-Party Plaintiff.
11   v.
12 RGAR HOLDINGS, LLC, a Florida limited liability company, formerly known as TAKE 5
13 SOLUTIONS, LLC., a Florida limited liability company, RICHARD GLUCK,
14 ALEXANDER RADETICH, JOHN DOE I, and JOHN DOE II,
15
16
17         Fourth-Party Defendants.

Plaintiffs Juvenal Robles and Abel Figueroa (together, "Plaintiffs"), Defendant Lucky Brand Dungarees, Inc. ("Lucky"), Defendants Kirshenbaum Bond Senecal & Partners LLC, f/k/a Kirshenbaum Bond & Partners LLC, d/b/a Lime Public Relations + Promotion and Kirshenbaum Bond & Partners West LLC (together, "Lime"), and Third-Party Defendant Merkle Inc. ("Merkle"), (collectively, the "Parties"), by and through their counsel, stipulate as follows:

1. Plaintiff Robles filed his Class Action Complaint on October 26, 2010, alleging Defendant Lucky violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by sending an allegedly unsolicited text message to Plaintiff's cellular telephone in the summer of 2008. (Dkt. 1.)

2. Lucky answered the Complaint, asserting, among other things, various defenses that included issues involving consent, authorization, and other elements of Plaintiff's statutory claim. (Dkt. 15.)

3. On January 21, 2011, Judge Fogel held an initial case scheduling conference and ordered the Parties to participate in a settlement conference before Magistrate Judge Lloyd and to return and report on the result of that conference. (Dkt. 18.)

4. Plaintiff Robles and Defendant Lucky participated in a settlement conference before Judge Lloyd on April 29, 2011. Lime, Merkle and RGAR Holdings, LLC ("RGAR"), who were all third-parties at the time, also participated in the settlement conference. At the settlement conference, Plaintiff Robles, Defendant Lucky, and the third-parties candidly discussed their various respective positions about the litigation and settlement. During these discussions, it was determined that limited focused discovery or information was required to continue productive discussions toward resolution. Upon the recommendation of Judge Lloyd, Plaintiff Robles, Defendant Lucky, the third-parties, and insurers agreed to return for a further settlement conference. (*See* Dkt. 32.)

5. Prior to the further settlement conference, Plaintiff Robles filed an Amended Complaint. (Dkt. 39.) The Amended Complaint alleges a single claim for violation of the TCPA, under the same general allegations stated in the original Complaint, on behalf of both Plaintiff Robles and Plaintiff Figueroa. The Amended Complaint also adds Lime as a named defendant.

-2-

6. Lime and Lucky answered the Amended Complaint. (Dkts. 45, 48.) Lime also filed a Third-Party Complaint against Merkle. (Dkt. 44). Merkle answered the Third-Party Complaint and filed a Fourth-Party Complaint againstRGAR. (Dkts. 64, 66.)

7. The Parties participated in a furthersettlement conference before Judge Lloyd on September 21, 2011. The Parties were able to advance their settlement discussion during the second settlement conference, but did not reach a final agreement. The Parties agreed to continue those discussions in the context of a full-day mediation and, in the interim, to limit activity in the case to only discovery necessary to complete mediation.The Parties thereafter scheduled a full-day mediation before the Honorable Nicholas H. Politan (Ret.)in West Palm Beach, Florida and set the mediation for December 8, 2011.

8. On January 26, 2012, the Parties attended a formal mediation with Judge Politan where the terms of a global settlement were negotiated. After a full-day mediation, the Parties made further progress with the assistance of Judge Politian and at the end of the mediation session Judge Politan presented a mediator's proposal, of which the Parties were to report their acceptance or rejection by February 29, 2012. During the pendency of this mediator's proposal response period, Judge Politan unexpectedly passed away. However, not all of the Parties ultimately accepted Judge Politan's proposal.

9. On March 23, 2012, counsel for the Parties attended the Joint Case Management Conference scheduled by the Court. During the CMC, the Parties informed the Court that settlement negotiations were ongoing and that the Parties were considering returning to mediation with the Honorable Eugene Lynch (Ret.). Although the Parties agreed to continue settlement discussions, the Court also entered a scheduling Order setting June 4, 2012 as the deadline to amend all pleadingsas well as several class certification discovery deadlines beginning in July 2012. (*See* Dkt. 83.)

10. During subsequent discussions leading up tothe scheduling of the mediation with Judge Lynch, the Parties were able to reach an agreement as to all material terms of a class action settlement of this matter.

11. The Parties anticipate that the settlement papers will be executed, and that Plaintiffs will move for preliminary approval of the class action settlement, within forty-five (45) days.

12. The Parties therefore stipulate to staying all pending motion and discovery deadlines in this case to allow them time to memorialize the settlement terms.

**IT IS SO STIPULATED.**

Dated: May 25, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Craig Cardon*
CRAIG CARDON
BRIAN R. BLACKMAN
Attorneys for
Defendant LUCKY BRAND DUNGAREES, INC.

Dated: May 25, 2012

EDELSON MCGUIRE LLC

By   */s/ Ryan D. Andrews*
RYAN D. ANDREWS
SEAN REIS
Attorneys for
Plaintiffs JUVENAL ROBLES and ABEL FIGUEROA

Dated: May 25, 2012

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By   */s/ Sara J. Savage*
DAVID SHEIFFER
SARA J. SAVAGE
Attorneys for
Defendants KIRSHENBAUM BOND SENECAL & PARTNERS LLC and KIRSHENBAUM BOND & PARTNERS WEST LLC

-4-

Dated: May 25, 2012

                                LATHAM & WATKINS LLP

                       By      */s/ Peter Winik*
                                   PETER WINIK
                               MATTHEW RAWLINSON
                                  SARAH GRAGERT
                                    Attorneys for
                        Third-Party Defendant MERKLE, INC.

**CERTIFICATION**

I, Ryan D. Andrews, am the ECF User whose identification and password are being used to file this *Stipulation And [Proposed] Order Staying Litigation Pending Class Action Settlement*. In compliance with General Order 45.X.B., I hereby attest that the Counsel whose electronic signatures appear on this document have concurred in this filing and that the same will be delivered to those registered with the Court's CM/ECF system.

Dated: May 25, 2012

                      EDELSON MCGUIRE LLC

                    By      */s/ Ryan D. Andrews*
                              RYAN D. ANDREWS
                              Attorneys for
                    Plaintiffs JUVENAL ROBLES and ABEL FIGUEROA

**ORDER**

Having considered the Parties' Stipulation and good cause appearing, this litigation, including amended pleading deadlines, motion deadlines, and all discovery obligations, shall be stayed for a period of forty-five (45) days from the date of this Order.

The parties are directed to file, no later than July 13, 2012, a Joint Status Report, said deadline to stand vacated without further order of the Court in the event plaintiffs have filed, on or before July 13, 2012, a motion for preliminary approval of the settlement.

**IT IS SO ORDERED.**

Dated: May 30, 2012

_____
The Honorable Maxine M. Chesney
United States District Judge