SEAN REIS (SBN 184004)
sreis@edelson.com
EDELSON MCGUIRE LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: (949) 459-2124
Facsimile: (949) 459-2123

RYAN D. ANDREWS (*Pro Hac Vice*)
randrews@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUVENAL ROBLES and ABEL FIGUEROA, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>LUCKY BRAND DUNGAREES, INC., a Delaware corporation, KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 10-cv-04846 MMC<br><br>[PROPOSED] **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**<br><br>The Honorable Maxine M. Chesney |

| | |
|---|---|
| 1 | KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a Delaware limited liability company, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Third-Party Plaintiffs. |
| 6 | |
| 7 | v. |
| 8 | MERKLE INC., a Maryland Corporation, |
| 9 | |
| 10 | Third-Party Defendant and Fourth-Party Plaintiff. |
| 11 | v. |
| 12 | RGAR HOLDINGS, LLC, a Florida limited liability company, formerly known as TAKE 5 SOLUTIONS, LLC., a Florida limited liability company, RICHARD GLUCK, ALEXANDER RADETICH, JOHN DOE I, and JOHN DOE II, |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Fourth-Party Defendants. |
| 18 | |

# [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, a class action is pending before the Court entitled *Robles v. Lucky Brand Inc.,* Case No. 10-cv-04846-MMC; and

WHEREAS, Plaintiffs and Defendants Lucky Brand Dungarees, Inc. ("Lucky"), Kirshenbaum Bond Senecal & Partners LLC f/k/a Kirshenbaum Bond & Partners LLC d/b/a Lime Public Relations + Promotion, and Kirshenbaum Bond & Partners West LLC (collectively "Lime"), Third-Party Defendant Merkle Inc. ("Merkle"), and Fourth-Party Defendant RGAR Holdings, LLC f/k/a Take 5 Solutions, LLC ("Take 5") (collectively, "Defendants"), have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendants upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in paragraph 18 of this Order.

3.      The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives

of the class action, and provides substantial relief to the class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arms' length negotiations between experienced class action attorneys assisted by Magistrate Judge Howard Lloyd and the Hon. Nicholas H. Politan (Ret.); (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendants or any other parties.

**Settlement Class Certification**

4.  For purposes of settlement only: (a) Jay Edelson, Myles McGuire, and Ryan D. Andrews of Edelson McGuire, LLC are appointed Class Counsel for the Settlement Class; and (b) Plaintiffs Juvenal Robles and Abel Figueroa are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs Robles and Figueroa will adequately protect the interest of the class defined below.

5.  For purposes of settlement only, the Court certifies the following class as defined in the Settlement Agreement:

> All Persons Nationwide who were sent the following Text Messages without such Person's prior express consent from short code 88202 between August 24, 2008 and September 15, 2008, as part of the Back to School campaign:
>
> - Lucky Jeans mobile invite. Free alerts. Std carrier rates may apply. For help GET $25 OFF NOW. To remove yourself reply STOP. To Opt-in Reply with LUCKYJ
>
> - Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stop to opt out std rates apply. For help www.mbo.com
>
> - Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stop to opt out std rates apply. For help LUCKYBRANDJEANS.COM
>
> - Back to school sale going on at all Lucky Brand Jeans stores! Enter your zip to find one nearest you. http://mbo.com/lucky.jsp
>
> - Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stop to opt out std rates apply

- Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ or to opt out reply STOP std rates apply

- Lucky Jeans mobile invite. Free alerts. Std carrier rates may apply. Get $25 off NOW . To remove yourself reply STOP. To Opt-in Reply with LUCKYJ

- Get $25 off any purchase of $100 or more at LUCKY BRAND JEANS. Just show Student ID. Click link to find a store near you. Ends 9/7 http://mbo.com/lucky.jsp

- Last chance to get $25 off any purchase of $100 or more at LUCKY BRAND JEANS with Student ID. Click link to find a store near you. Ends 9/7 http::/mbo.com/lucky.jsp

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, thatthe Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that the Settlement Class of 216,711 Persons is so numerous that joinder of all members is impracticable; there are questions of law and fact common to members of the Settlement Class including whether the equipment used to send the Text Messages fell within the statutory definition of "Automatic Telephone Dialing System" and whether Defendants properly obtained the prior express consent of the Class Members to send the Text Messages; the claims of the Class Representativesunder the Telephone Consumer Protection Act, 47 U.S.C § 227, are typical of the claims of the Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class; common questions of law or fact identified above predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representatives and the Settlement Class would once again bear the burden of establishing the propriety of class

-3-

certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court approves, as to form, content and distribution, the Claim Form, the Notice Plan and all forms of Notice to the Settlement Class attached hereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement, may revise the Notice and Claim Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Kurtzman Carson Consultants LLC, as Settlement Administrator in accordance with the provisions of paragraph 1.35 of the Settlement Agreement.

10. Pursuant to paragraph 4.2 of the Settlement Agreement, the Settlement Administrator is directed to provide Notice on the website www.BackToSchoolTextSettlement.net within seven (7) days following the entry of this Order. The Settlement Administrator shall also send the Notice and an accompanying Claim Form with return postage pre-paid to the Settlement Class by First Class U.S. Mail no later than sixty (60) days following the entry of this order. Further, the Settlement Administrator shall, if necessary, provide on-line media and print publication in accordance with the Notice Plan called for by the Settlement Agreement pursuant to paragraph 4.2(d). (All Notice shall be complete by February 21, 2013 and shall be referred to herein as "the Notice Date"). The Settlement Administrator shall also distribute the press release provided for in paragraph 4.2(f) of

[Proposed] ORDER GRANTING PRELIMINARY APPROVAL

the Settlement Agreement within fourteen (14) days of the entry of this Order. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement and allow for the filing of claims online.

11. Members of the Settlement Class who wish to receive benefits under the Settlement Agreement must complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or received by the Settlement Administrator by April 19, 2013.

**Exclusion**

12. Members of the Settlement Class who wish to exclude themselves may do so if, on or before the Objection/Exclusion Deadline of April 5, 2013, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website listed in paragraph 4.2(e). Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must submit a written request to the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must be signed by the member of the Settlement Class, must include the Person's name address, the cellular phone number that received the Text Message(s), a signature, the name and number of the case, and a statement that he/she wishes to be excluded from the Settlement Class. So called "mass" or "class" opt-outs shall not be allowed.

14. Members of the Settlement Class who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their Claims. However, members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order.

**Objections**

15. Any member of the Settlement Class who has not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Order being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice and Settlement Agreement, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. Members of the Settlement Class may object on their own, or may do so through separate counsel at their own expense.

16. To object, members of the Settlement Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of April 5, 2013. To be valid, the objection must set forth his/her full name, current address, telephone number, state that he or she is a member of the Settlement Class, and provide the cellular phone number that received the Text Message(s). In addition, any objection must provide all arguments, citations, and evidence supporting the objection (including copies of any documents relied on) and include a statement whether the objector intends to appear at the Final Approval Hearing with or without counsel. Members of the Settlement Class who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 18 below.

17. To be valid, objections must be filed with the Court and sent by mail, hand or overnight delivery service to Myles McGuire, Edelson McGuire, LLC, 350 North LaSalle, Suite 1300, Chicago, IL 60654. In addition, any objections made by a Settlement Class Member represented by counsel must be filed through the Court's CM/ECF system.

**Fairness Hearing**

18. The Final Approval Hearing shall be held before this Court on May 10, 2013 at 9:00 a.m. at Courtroom 7 on the 19th Floor of the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Papers in support of final approval of the Settlement Agreement, the incentive award, and any supplementation to the request for the Fee Award, shall be filed with the Court on or before April 26, 2013.

**Further Matters**

20. All further proceedings in the Action are ordered stayed until the Final Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21. Members of the Settlement Classshall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

22. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

23. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this

1  Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all
2  negotiations, proceedings, documents prepared, and statements made in connection therewith shall
3  be without prejudice to any person or party hereto, shall not be deemed or construed to be an
4  admission by any party of any act, matter, or proposition, and shall not be used in any manner or for
5  any purpose in any subsequent proceeding in this Action or in any other action in any court or other
6  proceeding, provided, however, that the termination of the Settlement Agreement shall not shield
7  from subsequent discovery any factual information provided in connection with the negotiation of
8  this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement;
9  and (iii) other than as expressly preserved by the Settlement Agreement in the event of its
10 termination, the Settlement Agreement shall have no further force and effect with respect to any
11 party and shall not be used in the Action or any other proceeding for any purpose.

13 Dated: November 26, 2012

_____
Honorable Maxine M. Chesney
United States District Court Judge

-8-

[Proposed] ORDER GRANTING PRELIMINARY APPROVAL