1            **UNITED STATES DISTRICT COURT**

2        **NORTHERN DISTRICT OF CALIFORNIA**

3             **SAN FRANCISCO DIVISION**

| | |
|---|---|
| JUVENAL ROBLES and ABEL FIGUEROA, individually and on behalf of a class of similarly situated individuals, | Case No. 10-cv-04846 MMC (HRL) |
| | The Honorable Maxine M. Chesney |
| Plaintiffs, | Magistrate Judge Howard R. Lloyd |
| v. | **FINAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE** |
| LUCKY BRAND DUNGAREES, INC., a Delaware corporation, KIRSHENBAUM BOND SENECAL & PARTNERS LLC f/k/a KIRSHENBAUM BOND & PARTNERS LLC, a Delaware limited liability company, d/b/a Lime Public Relations + Promotion, and KIRSHENBAUM BOND & PARTNERS WEST LLC, a Delaware limited liability company, | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| MERKLE INC., a Maryland Corporation, | |
| Third-Party Defendant and Fourth-Party Plaintiff, | |
| v. | |
| RGAR HOLDINGS, LLC, a Florida limited liability company, formerly known as TAKE 5 SOLUTIONS, LLC., a Florida limited liability company, | |
| Fourth-Party Defendant. | |

Pending before the Court are Plaintiffs' Motion for Final Approval of Class Action Settlement (dkt. 103) and Plaintiffs' Motion for Approval of Attorneys' Fees and Expenses and Class Representatives' Incentive Awards (dkt. 99) (collectively, the "Motions").  The Court, having reviewed the papers filed in support of the Motions, having heard the arguments of counsel, and finding good cause appearing therein, hereby GRANTS Plaintiffs' Motions.  It is hereby ORDERED, ADJUDGED, and DECREED THAT:

1.      Terms and phrases in this Final Order and Judgment of Dismissal with Prejudice (the "Final Order") shall have the same meaning as ascribed to them in the Parties' October 4, 2012 Class Action Settlement Agreement (the "Settlement Agreement").

2.      This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Settlement Class Members.

3.      On November 26, 2012, this Court granted Preliminary Approval of the Settlement Agreement and preliminary certified a settlement class consisting of:

All Persons Nationwide who were sent the following Text Messages without such Person's prior express consent from short code 88202 between August 24, 2008 and September 15, 2008, as part of the Back to School campaign:

- Lucky Jeans mobile invite. Free alerts. Std carrier rates may apply. For help GET $25 OFF NOW. To remove yourself reply STOP. To Opt-in Reply with LUCKYJ

- Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stop to opt out std rates apply. For help www.mbo.com

- Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stopto opt out std rates apply. For help LUCKYBRANDJEANS.COM

- Back to school sale going on at all Lucky Brand Jeans stores! Enter your zip to find one nearest you. http://mbo.com/lucky.jsp

- Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ Or Stop to opt out std rates apply

- Get $25 off at Lucky Brand Jeans Now. Just reply LUCKYJ or to opt out reply STOP std rates apply

- Lucky Jeans mobile invite. Free alerts. Std carrier rates may apply. Get $25 off NOW. To remove yourself reply STOP. To Opt-in

Reply with LUCKYJ

- Get $25 off any purchase of $100 or more at LUCKY BRAND JEANS. Just show Student ID. Click link to find a store near you. Ends 9/7 http://mbo.com/lucky.jsp

- Last chance to get $25 off any purchase of $100 or more at LUCKYBRAND JEANS with Student ID. Click link to find a store near you. Ends 9/7 http::/mbo.com/lucky.jsp

(Dkt. 97 at 5.)

4.      Excluded from the Settlement Class are Jonathan Charles Deeb and Allison Lee, who submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class, and who, consequently, are not bound by this Final Order or the Release.

5.      The Court finds that the Notice and the Notice Plan implemented pursuant to the Settlement Agreement and the Preliminary Approval Order of November 26, 2012 and consisting of individual notice via first-class U.S. Mail postcard and email, internet publication on the interactive settlement website, a toll-free phone number to field inquires by Settlement Class Members, and a joint press release, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Fairness Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the rules of the Court.

6.      The Court finds that Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed the substance of Defendants' notice and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

7.      This Court now affirms certification of the Settlement Class, gives final approval to

1  the Settlement, and finds that the Settlement Agreement is fair, reasonable, adequate, and in the

2  best interests of the Settlement Class.  The settlement consideration provided under the Settlement

3  Agreement constitutes fair value given in exchange for the release of the Released Claims against

4  the Released Parties.  The Court finds that the consideration to be paid to members of the

5  Settlement Class is reasonable, considering the facts and circumstances of the numerous types of

6  claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of

7  success of alternatively pursuing trials on the merits.  The complex legal and factual posture of

8  this case, and the fact that the Settlement is the result of arms' length negotiations between the

9  Parties, including negotiations presided over by Magistrate Judge Howard Lloyd and the

10  Honorable Nicholas H. Politan (Ret.), support this finding.

11        8.     The Court finds that the Class Representatives and Class Counsel adequately

12  represented the Settlement Class for the purposes of litigating this matter and entering into and

13  implementing the Settlement Agreement.  Accordingly, the Settlement is hereby finally approved

14  in all respects, and the Parties are hereby directed to implement the Settlement according to its

15  terms and provisions.  The Settlement Agreement is hereby incorporated into this Final Order in

16  full and shall have the full force of an Order of this Court.

17        9.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby

18  dismisses the Action, as identified in the Settlement Agreement, on the merits and with prejudice.

19        10.    Upon the Effective Date of this Final Order, Plaintiffs and each and every

20  Settlement Class Member who did not timely opt out of the Settlement Class—and to the extent a

21  Settlement Class Member is not an individual, all of its present, former, and future direct and

22  indirect parent companies, affiliates, subsidiaries, divisions, agents, franchisees, successors,

23  predecessors-in-interest—and all of the aforementioned Releasing Parties' present, former, and

24  future heirs, executors, administrators, representatives, agents, attorneys, partners, successors,

25  predecessors-in-interest, and assigns of each of them, shall fully, finally, completely and forever,

26  release, acquit and discharge Lucky, Lime, Lime's Insurer, Merkle and Take 5 as well as any and

27  all of their respective present or past heirs, executors, estates, administrators, predecessors,

28  successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents,

consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, officers, directors, other individuals or entities in which any of the Defendants has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities, from any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined in the Settlement Agreement), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States (including both direct and derivative claims) against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions, or failures to act regarding the alleged sending of the Text Messages to the Settlement Class including all claims that were brought or could have been brought in the Action relating to such Text Messages, belonging to any and all Plaintiffs and Releasing Parties.

      11.      Additionally, Defendants Lucky, Lime, Lime's Insurer, Merkle and Take 5 on behalf of themselves and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, corporations, officers, directors, other individuals or entities in which any of the Defendants has a controlling interest or which is affiliated with any of them, or any other representatives of any of these

1    Persons and entities, hereby release and forever discharge each other from any action or claim,

2    including, but not limited to, actions or claims for indemnification, breach of contract,

3    contribution, negligence, or subrogation that were, could be, or could have been brought by the

4    Released Parties and/or Lime's Insurer against each other related to the Action or any of the facts,

5    matters, or agreements on which the claims in the Action were based, except as such claims may

6    relate to opt outs.

7            12.     Upon the Effective Date of this Final Order, the above release of claims and the

8    Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all

9    pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all

10   other Settlement Class Members and Releasing Parties.  All Settlement Class Members who have

11   not been properly excluded from the Settlement Class are hereby permanently barred and enjoined

12   from filing, commencing, prosecuting, intervening in, or participating (as class members or

13   otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of the Released

14   Claims.

15           13.     The Court approves the agreed-upon Fee Award to Class Counsel.  The Court

16   hereby awards to Class Counsel $2,400,000 in attorneys' fees and costs.  In this Circuit, a 25% fee

17   is the accepted "benchmark" in common fund cases.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,

18   1048-50 (9th Cir. 2002).  In assessing the Fee Award, the Court has considered the results

19   achieved in this litigation, the risks of litigation, the skill required of Class Counsel and the quality

20   of their work, the contingent nature of the fee and the financial burden carried by the Plaintiffs,

21   and awards made in similar cases.  In light of these factors, the Court finds this Fee Award to be

22   fair and reasonable, given that it represents approximately 24.24% of the total settlement fund

23   available to the Class, exclusive of the value of the prospective relief contained in the Settlement

24   Agreement.  The Court additionally finds this amount to be fair and reasonable based upon a

25   lodestar cross check.  Class Counsel provided the Court with sworn declarations supporting a

26   lodestar of $878,342.50 as of March 22, 2013, based on an expenditure of 1803.3 hours

27   investigating, litigating, and resolving this case.  Additionally, Class Counsel set forth the

28   experience of each attorney working on the case and his or her corresponding billable rate.  The

Court finds the rates charged to be appropriate and reasonable in light of the experience of each attorney and that the hourly rates are in line with comparable market rates.  The Court finds the hours expended to be reasonable when compared with the time and effort put forth by Class Counsel and supporting counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class in terms of both monetary and injunctive relief.  Accordingly, the overall lodestar of $878,342.50, when enhanced by a multiplier of 2.73, which the Court finds reasonable and proper in light of the benefits to the Class, lodestars applied in other similar matters, and the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), provides a reasonable cross-check in awarding Class Counsel's Fee Award of $2,400,000.00.  Class Counsel's total Fee Award includes $21,714.05 in costs as of March 22, 2013, which is likewise reasonable based on the documentation and sworn declarations submitted.

14.     Defendants shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

15.     The Court approves an Incentive Award of $15,000.00 to Class Representatives Juvenal Robles and Abel Figueroa, to be split evenly, as an Incentive Award for their roles as Class Representatives.  The Court finds this Incentive Award to be reasonable in light of the Class Representatives' willingness and efforts with respect to taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class.  Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

16.     Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

17.     This Court hereby directs entry of this Final Order based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

//

//

//

18.     Neither this Final Order and Judgment of Dismissal with Prejudice, the Settlement Agreement, the settlement that it reflects, nor any act, statement, document, or proceeding relating to the Settlement:

(a)     is, may be deemed, or shall be used, offered, or received against Defendants as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties;

(b)     is, may be deemed, or shall be used, offered, or received against Plaintiffs or the Settlement Class as an admission, concession, or evidence of the infirmity or strength of any claims raised in the Action, the trust or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(c)     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class or against Defendants as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial;

(d)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class or against Defendants that any of Plaintiffs' claims are with or without merit and that damages recoverable in the Action would have exceeded or would have been less than any particular amount; or

(e)     is, may be deemed, or shall be used, offered, or received against Defendants as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Parties to the Agreement in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

19.     Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation,

enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

**IT IS SO ORDERED.**

Dated:  May 10, 2013

HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT COURT